UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES YUCHNIUK<br>    Plaintiff<br><br>v.<br><br>LAW OFFICE OF BENJAMIN MORRIS, LLC<br>and BENJAMIN MORRIS<br>    Defendant | CIVIL ACTION<br><br>COMPLAINT<br><br><br><br><br><br>JANUARY 14, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer against a law firm that engaged in collection for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### II. PARTIES

2. Plaintiff, James Yuchniuk, is a natural person residing in Montville, Connecticut.

3. Defendant, Law Office of Benjamin Morris, LLC ("Law Office"), is a law firm and limited liability corporation located in Hamden, Connecticut that is in the business of purchasing and collecting consumer debts.

4. Defendant, Benjamin Morris ("Morris"), is a natural person residing in North Haven, Connecticut, and is the principal of the Law Office of Benjamin Morris.

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337

6. This Court has jurisdiction over Law Office because it engages in business activities within Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

8. On or around June 23, 2009, Law Office sent Plaintiff a collection letter, signed by Morris, on behalf of CUDA & Associates, LLC ("CUDA"), which letter stated that CUDA recently purchased full right and title to a debt ("the Debt") allegedly owed by Plaintiff, and it listed the original creditor as U.S. Bank National Association ND.

9. The Debt actually pertained to an account Plaintiff's wife had opened in her name only and subsequently discharged through a bankruptcy she filed approximately four years prior to the date of the aforementioned letter; Plaintiff was an authorized used on that account, but he was not a signatory.

10. On July 1, 2009, Plaintiff prepared and sent by certified mail a letter to Law Office disputing and requesting verification of the Debt.

11. On or around August 19, 2009, Law Office sent a letter to Plaintiff in response to his dispute and verification request letter. In that August 19th letter, Law Office

confirmed receipt of Plaintiff's letter and stated that it "had requested additional documentation" and would forward it to Plaintiff when received.

12. Nowhere on Law Office's August 19, 2009 letter did it state that the communication was from a debt collector.

13. Plaintiff presumed that the language "additional documentation" contained in Law Office's August 19th letter referred to documentation relating and responsive to Plaintiff's debt verification request.

14. Plaintiff never received the verification he requested and was never sent any additional documentation by Law Office.

15. On or around August 27, 2009, Law Office and Morris served Plaintiff with a summons and complaint seeking judgment on the Debt, and Law Office filed a lawsuit in New London Superior Court in Connecticut.

16. Included with the summons and complaint was a separate page that stated that Plaintiff had a right to dispute the Debt within thirty days after receipt of the notice.

## V. CAUSE OF ACTION

### Fair Debt Collection Practices Act

17. Plaintiff incorporates Paragraphs 1- 15

18. Defendants violated the FDCPA in the following respects:

   a. Defendants violated 15 U.S.C. § 1692e(10) by sending Plaintiff a letter that falsely and misleadingly represented that Morris would be sending Plaintiff additional documentation in response to Plaintiff's dispute letter.

   b. Defendants violated 15 U.S.C. § 1692e(10) by confusingly and misleadingly including with its summons and complaint a separate page

   that stated that Plaintiff had a right to dispute the Debt within thirty days after receipt of the notice - which notice overshadowed procedural requirements in that it would lead the least sophisticated consumer to believe that an answer to the complaint would not be necessary in the event said consumer disputed the debt pursuant to said notice.

   c. Morris violated 15 U.S.C. § 1692e(11) by failing to include in its August 19th letter a statement indicating that the communication was from a debt collector.

   d. Defendants violated 15 U.S.C. § 1692g(b) by resuming collection activities and suing Plaintiff without providing Plaintiff with the requested verification.

   e. Defendants violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

   f. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

19. For Defendants' violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages, statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k, and such other relief as this Court deems appropriate.

PLAINTIFF, JAMES YUCHNIUK

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457

5